SAUNDERS, Respondent, v. FARMERS' & MERCHANTS' NATIONAL BANK OF MILBANK, et al, Appellants.

(226 N. W. 583.)

(File No. 6808. Opinion filed August 3, 1929.)

*Robert D. Jones,* of Milbank, for Appellants.

*Perry F. Loucks,* of Watertown, and *Murphy, Johanson & Ward,* of Wheaton, Minn., for Respondent. .

POLLEY, J. Plaintiff brought this action for the recovery of a sum of money which she alleges was obtained from her through fraud and misrepresentation on the part of defendants and by them wrongfully converted to their own use. The defendants N. J. Bleser, Kelley, Saunders, Goodman, Blomquist, Koch, K. E. Bleser, and Benedict are stockholders, directors, and officers of the defendant Farmers' & Merchants' National Bank of Milbank, and Blomquist and Benedict are executors of the last will and testament of plaintiff's deceased husband. The money involved in this action is the proceeds of certain life insurance policies on the life of plaintiff's deceased husband, and which sum of money was collected by the said defendants on the said life insurance policies. The complaint is very lengthy, but the gist of the action is contained in the following allegations in the complaint:

"* * * The defendants herein and all of them, intending to obtain said money for their own use and benefit, and for the said bank, and to deprive this plaintiff thereof, and intending to defraud her of the said money, conspired together with the intent and purpose of obtaining plaintiff's said $28,000. At that time and for many years prior thereto this plaintiff was personally and very well acquainted with the defendants. That the relations between the parties to this action were and had been unusually cordial and friendly. That in all of her business matters plaintiff sought and defendants freely gave her, advice, and up until the time when defendants obtained the said insurance money as hereinafter and hereinbefore alleged, the defendants had treated her fairly and honorably. That during all of said times, the defendants well knew that the plaintiff was wholly unacquainted with her business affairs and the financial condition of said bank and with her husband's accounts and relations therewith. At that time defendants also well knew that plaintiff depended entirely upon them for counsel and advice and knew that she trusted them implicitly in relation to all business matters which in any way affected her, her children, or her husband's estate.

"That the said Blomquist and Benedict were the executors named in her husband's will and upon his death they were appointed by the County Court of said County to administer his estate. Said defendants, at all times, well knew that this plaintiff knew nothing whatever about the assets or liabilities of her husband's estate, or the status of his business. And defendants knew that plaintiff had no means of ascertaining anything in relation to any of such matters except through them.

"That plaintiff's said insurance money was paid over to the defendants long before she was advised thereof. That upon the receipt of the money by the defendants the same was, by them, wrongfully and without plaintiff's consent, mingled with the funds of the defendant bank and through the connivance and acts of all of the defendants, used and appropriated by said bank for the benefit of all of the defendants with the exception of said $7,000.00, which was made available to plaintiff, as before alleged."

The remaining portions of the complaint relate largely, if not wholly, to the various acts and devices by means of which defendants secured and retained plaintiff's money. While not essential in the statement of plaintiff's cause of action, these matters serve the purpose of a bill of particulars in pointing out to the defendants what they will be called upon to meet at the trial.

The bank alone, and the other defendants collectively, filed separate demurrers to the complaint. These demurrers were overruled by the court, and separate appeals were taken from the respective orders overruling the demurrers. The demurrers are similar; each being based upon the grounds:

(1) "That there is a defect of parties defendant."

(2) "That several causes of action have been improperly united."

(3) "That the complaint does not state facts sufficient to constitute a cause of action."

The two appeals were consolidated by stipulation of the parties, and both appeals were submitted upon the same record and brief.

 . No reference is made in appellant's argument to the demurrer submitted on behalf of the individual defendants. Therefore it is assumed that such defendants have abandoned any attempt to reverse the order overruling their demurrer. Neither is any reference made in appellants' brief to the first two grounds

named in the demurrer interposed on behalf of the bank. Therefore those two grounds will be deemed to have been abandoned by the bank. In their brief appellants say:

"It is the contention of the appellants that the bank cannot be held liable under the allegations of the complaint because if all of the alleged statements and representations were made and all of the acts committed as alleged, that these statements, representations and acts were wrongful and unlawful on the part of the individual appellants and not binding on the bank because they were wrongful and not within the scope of the authority of these defendants as officers and directors of the bank. That the liability, if any there is, is the individual liability of the individual appellants."

This statement indicates a misconception on the part of appellants as to the nature and purpose of the action. Plaintiff is not attempting to enforce the performance of a contract the bank was not authorized to make. Plaintiff claims that through fraudulent and dishonest acts of the officers of the bank it acquired possession of plaintiff's money. If this is true, and the bank by its demurrer admits that it is true, then it is the duty of the bank to return such money to plaintiff, and it is not material whether the bank was acting within the scope of its authority when it came into possession of such money. This proposition is too plain to admit of argument or to require the citation of authorities. If the proof will support the allegations of the complaint, then plaintiff is entitled to a personal judgment against each of the individual defendants for the full amount of money shown by the proof to have been wrongfully converted, and against the bank for so much of such sum as the evidence shows came into its possession.

The orders appealed from are affirmed.

SHERWOOD, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.